IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH FERENZI, individually and on behalf of other similarly situated members of the Chicago Police Department,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois Municipal Corporation,<br><br>    Defendant. | 16-cv-00783<br><br>Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Ferenzi, an officer with the Chicago Police Department, brings this action, claiming that Defendant City of Chicago has failed to include a $350 Fitness Pay Incentive in its computation of Ferenzi's regular hourly pay rate and, as a result, has paid him less in overtime wages than was due. Ferenzi contends that this conduct violates § 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.* Ferenzi has filed a motion for summary judgment on Count I of his First Amended Complaint, which seeks a declaratory judgment that the City's conduct violates the FLSA. In turn, the City has filed a motion for summary judgment as to all three counts in Ferenzi's complaint. In addition, the City has filed a motion to strike one of Ferenzi's exhibits. For the reasons given below, the

City's motion for summary judgment is granted, and Ferenzi's motion is denied. The City's motion to strike is stricken as moot.

## Factual Background[1]

Plaintiff Joseph Ferenzi is a City of Chicago police officer. Def.'s LR 56.1(a)(3) Stmt. ¶ 4, ECF No. 119. Defendant City of Chicago is a municipal corporation organized under Illinois law, and it established the Chicago Police Department. *Id.* ¶ 3.

Ferenzi is a union member subject to a collective bargaining agreement ("CBA"), and he is represented by the Fraternal Order of Police. *Id.* ¶ 7; Pl.'s LR 56.1(a)(3) Stmt. ¶ 5, ECF No. 81. Under the CBA, "non-probationary" officers such as Ferenzi are entitled to a Physical Fitness Incentive ("FPI") of $350 paid annually as a lump sum if they voluntarily satisfy certain physical fitness tests, including sit-ups, running, and bench presses. *Id.* ¶¶ 11–13. The test must be taken outside of customary working hours. Def.'s LR 56.1(a)(3) Stmt. ¶ 13. A "Letter of Understanding and Agreement Regarding Physical Fitness" states that it is an "effort to promote physical fitness" among covered officers. Pl.'s LR 56.1(a)(3) Stmt., Ex. 1 at 2, ECF No. 81-2.

Ferenzi received the FPI payment in each of the past three years of his employment. Def.'s LR 56.1(a)(3) Stmt. ¶ 14; Pl.'s LR 56.1(a)(3) Stmt. ¶ 10. He signed a form agreeing that participation in the FPI was voluntary, that he was participating on his own time, and that it did not constitute an on-duty activity. *Id.*

---

[1] The following facts are undisputed or have been deemed admitted, unless otherwise noted.

2

The test standards and results of the testing are not subject to the grievance procedure in the CBA. Pl.'s LR 56.1(a)(3) Stmt. ¶ 7.

The City has not included the $350 FPI in its computation of Ferenzi's regular rate of pay, for purposes of computing what overtime rate he would be due under the FLSA.[2] The parties also agree that, for each of the three years prior to the filing of this lawsuit, Ferenzi worked in excess of 171 hours in at least one 28-day period. Def.'s LR 56.1(a)(3) Stmt. ¶ 8; Pl.'s LR 56.1(a)(3) Stmt. ¶ 15.

### **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

The evidence considered for summary judgment "must be admissible if offered at trial, except that affidavits, depositions, and other written forms of testimony can substitute for live testimony." *Malin v. Hospira, Inc.*, 762 F.3d 552,

---

[2] In support of this asserted fact, Ferenzi cites to the City's answer, in which it denied this allegation. *See* Pl.'s LR 56.1(a)(3) Stmt. ¶ 12. However, the City admits this fact in its summary judgment briefing, and it is therefore deemed admitted.

3

554–55 (7th Cir. 2014). The Court gives the nonmoving party "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013).

Moreover, Rule 56 "requires the district court to grant a motion for summary judgment after discovery 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 743 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The moving party has the initial burden of establishing that there is no genuine issue of material fact. *See Celotex,* 477 U.S. at 322. Once the moving party has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmoving party must then set forth specific facts showing there are disputed material facts that must be decided at trial. *See id.* at 321–22.

## Analysis

In his First Amended Complaint, Ferenzi alleges that the City willfully failed to include the $350 FPI in its computation of his regular hourly pay rate.[3] Am. Compl. ¶¶ 18, 21, ECF No. 42. According to the complaint, since the FLSA and the IMWL require overtime payments of 1.5 times the regular pay rate, his overtime pay was lower than required. In Count I, he seeks a declaratory judgment that the City's conduct willfully violates the FLSA, as well as attorney's fees and costs. In

---

[3] Ferenzi also makes these allegations on behalf of a putative class of fellow non-probationary police officers. However, Ferenzi has not yet moved to certify a class.

4

Count II, he seeks monetary damages for the alleged FLSA violation. In Count III, he alleges a violation of the IMWL, and he seeks damages and prospective relief.[4]

In seeking summary judgment on these claims, the City argues that Ferenzi has not presented any evidence that he has standing to bring his FLSA and IMWL claims. Because the Court agrees, the City's motion is granted.

## I. Article III Standing

To have Article III standing to sustain a lawsuit in federal court, a plaintiff must, *inter alia*, suffer an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016); *see Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 911 (7th Cir. 2017) (applying *Spokeo*). Absent standing, a federal court lacks subject matter jurisdiction to decide a case. *See, e.g., Gubala*, 646 F.3d at 911.

Furthermore, a party seeking a declaratory judgment must also satisfy Article III standing requirements. *See, e.g., Cardinal Chem. Co. v. Morton Int'l., Inc.,* 508 U.S. 83, 95 (1993) (stating that a party seeking a declaratory judgment has

---

[4] Because the parties have not distinguished their arguments between the IMWL and FLSA, the Court will subject the statutes to the same analysis. *See Tomeo v. W&E Commc'ns, Inc.*, No. 14 C 2431, 2016 WL 8711483, at *8 (N.D. Ill. Sept. 30, 2016) ("Given the significant substantive overlap between the FLSA and the IMWL, and given the parties' agreement that analysis under the two statutes is identical . . . the FLSA and IMWL claims are subject to the same analysis.") (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 601 n.3 (7th Cir. 1993); *Kerbes v. Raceway Assocs., LLC*, 961 N.E.2d 865, 871 (Ill. App. Ct. 2011)).

5

the burden of establishing the existence of an actual case or controversy); *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1023–24 (7th Cir. 2016) (affirming district court's dismissal of declaratory judgment claim for lack of standing); *Vickers v. Henry Cty. Sav. & Loan Ass'n.,* 827 F.2d 228, 230 (7th Cir. 1987) (stating that the Article III standing requirement "applies with the same force to actions for declaratory judgments as that with which it applies to actions seeking traditional coercive relief").

The party invoking federal jurisdiction always bears the burden of establishing the elements of standing. *Lujan*, 504 U.S. at 561; *Hummel,* 817 F.3d at 1015–16. The invoking party's burden increases as the case proceeds through stages of litigation. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." *Lujan*, 504 U.S. at 561. "In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Id.*; *see id.* at 567 n. 3 (citing *Celotex,* 477 U.S. at 322)).

To establish standing, the possibility of future injury need not be certain, "but there must be [evidence of] at least a substantial risk that such harm will occur." *Hummel,* 817 F.3d at 1019–20 (citing *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs,* 650 F.3d 652, 658 (7th Cir. 2011); *Bauer v. Shepard,* 620 F.3d 704, 708 (7th Cir. 2010)).

The *sine qua non* of a FLSA § 207 overtime violation is proof of improper compensation. *See Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173 (7th Cir. 2011) (in a FLSA overtime case, the employee must prove that he performed overtime work for which he was not properly compensated); *see also, e.g., Labiola v. Clinton Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *4 (N.D. Ill Mar. 22, 2016) (§§ 206 and 207 provide a cause of action only for unpaid minimum and overtime compensation). And cases involving similar statutes support the conclusion that a miscalculation, without evidence of underpayment, is insufficient to demonstrate standing. *See, e.g., Alvarado Parkway Inst., Inc. v. Mendez*, 789 F. Supp. 1190, 1197 (D.D.C. 1992) (finding that plaintiff failed to demonstrate standing at summary judgment where plaintiff failed to present evidence that an unfavorable base-rate calculation resulted in underpayment); *Serv. Employees Int'l Union, Local 721 v. Cty. of Riverside*, No. 09 CV 00561, 2011 WL 1599610, at *11–12 (C.D. Cal. Apr. 27, 2011) (finding no standing where plaintiff failed to present evidence that use of an improper interest rate would impact her benefits). Here, the City contends that, even if it was required to include the FPI in calculating his regular hourly rate of pay, Ferenzi has produced no evidence that he was or will be paid less than what the FLSA—and, by extension, the IMWL—requires.

Under § 207 of the FLSA, when a non-exempt employee, like Ferenzi, works more than a prescribed number of hours in a time period, the employer must pay the employee not less than 1.5 times the employee's "regular rate" of pay. 29 U.S.C. §§ 207(a), (k). In computing an employee's regular rate, the employer must include

"all remuneration for employment to, or on behalf of, the employee." But this is subject to a number of exceptions. *See* 29 U.S.C. § 207(e)(1)–(8). For example, Christmas gifts, § 207(e)(1), and reimbursements for travel expenses, § 207(e)(2), need not be included in the calculation of an employee's regular rate. In addition, the employer need not include "extra compensation provided by a premium rate paid for" certain overtime work, § 207(e)(5); work on a holiday or weekend under certain circumstances, § 207(e)(6); and for certain work beyond the regular hours established by a collective-bargaining agreement, § 207(e)(7). In other words, the FLSA attempts to avoid requiring employers to pay a FLSA overtime rate based on a "regular rate" that includes extra overtime compensation the employer has already paid.

For employees covered under § 207(a), the overtime-pay requirement is triggered when the employee works more than 40 hours in a work week. For public-law enforcement employees, § 207(k) allows employers to choose a more flexible time period of up to 28 working days and 171 working hours before the overtime-pay requirement is triggered. *See* 29 U.S.C. § 207(k); 29 CFR 553.230(b).

But even if the requirement is triggered, this does not necessarily mean that an employee is entitled to additional overtime pay. Pursuant to § 207(h), an employer may "credit[ ] toward overtime compensation payable" extra compensation paid under § 207(e)(5), (6) and (7). For example, if an employee were due $100 in overtime pay under FLSA, but had already received $100 or more in extra

8

compensation which satisfied the requirements of §§ 207(e)(5), (6), or (7), no extra compensation would be due under the FLSA.

Here, the City contends that, because the CBA provides for overtime pay based on a schedule more generous than that required by the FLSA, the extra compensation that Ferenzi received over the years (we will refer to this extra compensation as the "overtime credit") far exceeds the overtime compensation Ferenzi would have received under the FLSA had the City included the FPI in computing his regular rate. *See* Def.'s Mem. Supp. Mot. Summ. J. at 8-16, ECF No. 118; Def.'s LR 56.1(a)(3) Stmt. ¶¶ 15, 16, 17, 18, 19, 20, 21, 22, 23; *see also Nolan v. City of Chi.*, 125 F. Supp.2d 324 (N.D. Ill. 2000) (holding that extra compensation paid to police officers under the CBA is creditable under 29 U.S.C. § 207(e)(5)-(7)).

In response, Ferenzi takes issue with a number of the City's calculations and contends that the City cannot credit certain amounts under § 207(e)(6). But, even assuming (without deciding) that he is correct, the most he argues is that the City's overtime credit was smaller—by an unspecified amount—than what the City contends. Ferenzi does not present any computation or any evidence that the amount of the overtime credit has been or will be less than the overtime pay he would have received under the FLSA had the City included the FPI in calculating his regular rate. *See generally* Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 80; Pl.'s LR 56.1(a)(3) Stmt; *see* Pl.'s Resp. Def.'s LR 56.1(a)(3) Stmt. ¶¶ 15, 16, 17, 18, 19, 20, 21, 22, 23, ECF No. 125; Pl.'s Resp. Def.'s Mot. Summ. J. (Pl.'s Resp. Br.) at 4–10, ECF No. 123. As such, Ferenzi has not met his burden to present affirmative

9

evidence in either his motion or his response to the City's motion to show that he was underpaid in the past or that there is a substantial risk that he will be underpaid in the future, even if the FPI were included in his regular rate. In short, Ferenzi has presented no evidence that he was or will be injured by the City's failure to incorporate the FPI in his regular rate.[5]

Ferenzi also suggests that merely alleging a violation of the FLSA is sufficient to enable a plaintiff to seek a declaratory judgment. Pl.'s Resp. Br. at 2 (citing *Heitmann v. City of Chi, Ill.*, 560 F.3d 642, 645 (7th Cir. 2009)). But that is plainly incorrect. *See Hummel*, 817 F.3d at 1023–24.

Ferenzi also points to *Heitmann* for the proposition that "a plaintiff does not have to prove monetary damages in an FLSA case in order to obtain a declaratory judgment." This is true as far as it goes, but a plaintiff nevertheless must demonstrate that he has suffered or is substantially likely to suffer an injury caused by the alleged misconduct. *Heitmann* illustrates this point. There, the plaintiff police officers claimed that they had been undercompensated under the FLSA, because the City had a practice of compensating officers for overtime with "compensatory time" but prohibited the officers from using it. The district court granted summary judgment as to this claim. *See generally Heitmann v. City of Chi.*, Nos. 04 C 3304, 04 C 5712, 2007 WL 2739559 (N.D. Ill. Sept. 11, 2007). But by the time of the district court's summary judgment decision, the plaintiffs had

---

[5] This is in stark contrast to Ferenzi's amended complaint, in which he alleges that he has been paid less than required by the FLSA, Am. Compl. ¶¶ 17, 18, and by the IMWL, *id.* ¶¶ 27, 28.

10

"abandoned" their monetary damages claim for reasons unexplained. *Id.* at \*20. And so, the district court awarded plaintiffs injunctive relief to ensure that they would not be undercompensated going forward. *See id.* at \*21; *see generally Heitmann v. City of Chi.*, Nos. 04 C 3304, 04 C 5712, 2008 WL 506111 (N.D. Ill. Feb. 21, 2008), *vacated by Heitmann*, 560 F.3d 642.

On review, the Seventh Circuit held that the district court had improperly issued injunctive relief because awarding monetary damages would have been an adequate remedy and because § 217 of the FLSA permits injunctions only in suits brought by the Secretary of Labor. *See Heitmann*, 560 F.3d at 644. The Seventh Circuit left to the district court on remand to decide whether to award limited declaratory relief, monetary damages, or a combination of both. *Id.*

Salient for this purpose is that the district court in *Heitmann* found that the plaintiffs had been injured by the challenged conduct. And, contrary to Ferenzi's suggestions, a plaintiff seeking a declaratory judgment must demonstrate standing and must present some evidence of a likely, future, and concrete harm from a statutory violation. *See Hummel*, 817 F.3d at 1016–23 (finding insufficient evidence that plaintiff would suffer future harm to support claim for declaratory judgment or injunction).

The cases cited by Ferenzi are inapposite. Ferenzi is correct that in *Barrows v. City of Chattanooga*, 944 F. Supp. 2d 596, 605 (E.D. Tenn. 2013), the district court granted declaratory relief even though the court found that the plaintiff, whom defendants had erroneously classified as a managerial employee exempt from

11

the FLSA, had failed to prove monetary damages. But in that case, there was no dispute that plaintiff had worked overtime hours for which he was not paid. The court refused to grant monetary damages because the plaintiff had failed to sufficiently prove damages at trial. *See id.* at 606.

Similarly, in *Biggs v. Wilson*, 828 F. Supp. 774, 778–79 (E.D. Cal. 1991), the district court granted declaratory relief even though it declined to award liquidated damages, but there was no dispute that plaintiffs had been underpaid. Rather, at the time of summary judgment, defendants had already paid back the wages due, and the Court declined to award liquidated damages under 29 U.S.C. § 260, because plaintiffs had not sued their employer and only employers are liable for damages under §§ 206 and 207 of the FLSA. *See id.*

Lastly, Ferenzi makes much of the district court's statement in *Pickett v. Beard* that a "declaration that the overtime calculations are incorrectly being made will help Plaintiffs to obtain the full future FLSA wages and overtime that would be due to them under a proper calculation." No. 13 C 0084, 2014 WL 467330, at *6 (E.D. Cal. Feb. 5, 2014). But this decision was made on a motion to dismiss, and while allegations are sufficient at the pleading stage to confer standing, evidence is needed at the summary judgment stage. *See Lujan*, 504 U.S. at 561.

For these reasons, the City has met its initial burden to show that the facts in the record are insufficient to establish that Ferenzi has standing to pursue his FLSA claim, and Ferenzi has failed, in turn, to present evidence that he suffered an injury-in-fact as a result of the challenged conduct or that there is a substantial

12

likelihood that he would do so in the future. *See Lujan*, 504 U.S. at 561; *Celotex*, 477 U.S. at 322. Accordingly, the City's motion for summary judgment is granted, and Ferenzi's motion for partial summary judgment is denied.

## II. The City's Motion to Strike

Lastly, the City has filed a motion to strike the declaration of William C. Dougherty which Ferenzi submitted as an exhibit in his summary judgment submissions, ECF No. 128, as well certain statements in Ferenzi's statement of additional facts that rely on this submission. However, none of those facts is material to resolution of the standing issue in this case. The City's motion to strike is therefore stricken as moot. *See, e.g., Echo, Inc. v. Timberland Machs. & Irrigation, Inc.*, No. 8 C 7123, 2011 WL 148396, at *3 n.3 (N.D. Ill. Jan. 18, 2011) (striking as moot portions of motion to strike that addressed facts irrelevant to the Court's resolution of the summary judgment motion).

## Conclusion

For the reasons stated herein, the City's motion for summary judgment [117] is granted, and Ferenzi's motion for partial summary judgment [79] is denied. The City's motion to strike [128] is stricken as moot. Judgment will be entered in favor of Defendant. This case is hereby terminated.

**IT IS SO ORDERED.**          **ENTERED   3/30/18**

                                                            **John Z. Lee**
                                                            **United States District Judge**